**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

|  |  |  |  |
|---|---|---|---|
| IN RE: | ) | CASE No. | 19-20016 (JJT) |
|  | ) |  |  |
| MARCUS LOPEZ EDWARDS, | ) | CHAPTER | 11 |
| DEBTOR. | ) |  |  |
|  | ) | RE: ECF Nos. | 12, 15, 29 |
| T&M BUILDING CO., INC., | ) |  |  |
| MOVANT | ) |  |  |
| V. | ) |  |  |
|  | ) |  |  |
| MARCUS LOPEZ EDWARDS, | ) |  |  |
| RESPONDENT. | ) |  |  |
|  | ) |  |  |

## BENCH RULING ON MOTION FOR RELIEF FROM STAY AND IN REM RELIEF

Before the Court is T&M Building Company, Inc.'s ("Movant") Motion for Relief from the Automatic Stay and In Rem Relief ("Motion," ECF No. 12). After previously hearing the arguments from the Movant and the debtor, Marcus Lopez Edwards ("Debtor"), the Court denied the Motion "as a preliminary matter and without prejudice, in order for the Court to further assess the filing of any bona fide plan and offers of adequate protection by the debtor and to re-examine the weight and demonstration of the asserted good cause in [a] final hearing[,]" for which the parties were instructed to prepare and present evidence (ECF No. 29). The Motion was scheduled for final arguments and hearing before this Court on March 26, 2019 (ECF No. 35).

The Debtor resists stay relief with a proposed Chapter 11 plan to fully pay approximately $900,000.00 on the Movant's matured Note and Mortgage on his house, the Debtor's principal residence, that the Superior Court and the parties have valued at $352,000.00. He would do so over a ten-year period at an interest rate of 6 percent, with monthly payments of $7,550.00, and provide interim adequate protection payments of $2,356.23 per month until Confirmation. This

Chapter 11 Plan follows two previously failed or dismissed bankruptcy filings by the Debtor (Docket Nos. 16-21694 and 17-20768); a previously filed Chapter 7 case (Docket No. 18-20560), in which the Debtor received a discharge on September 14, 2018; and the previously dismissed Chapter 13 case of the Debtor's spouse, Melody T. Edwards (Docket No. 18-21020)— all within the last two-and-a-half years. All of these filings were commenced on the eve of foreclosure sales, the running of law days, or the vesting of title so as to frustrate remedies by the Movant in a related foreclosure proceeding in the Superior Court, based upon the Movant's construction loan to the Debtor and his wife, which was commenced in 2015.

Through claimed misfortunes, advice of counsel, unemployment, and non-responsiveness to deficiency notices of this Court, the Debtor and his spouse have successfully impaired, frustrated, and delayed the Movant at many turns for many years. During that time, they lived in the home having made only five total mortgage payments, with two of those made since the commencement of this case.

On the basis of recent and substantial improvements of their income driven by Mrs. Edwards's new job and the Debtor unrelentingly work as a nurse at several healthcare facilities throughout Greater Hartford, averaging eighty hours per week, the Debtor would have the Court believe that the Debtor is reformed, that the Debtor's finances are sufficiently enhanced, and that the Debtor's proposed plan will fully protect and compensate the Movant.  The Debtor's vision of how he will retain his home, however, is unsustainable, improvident, infeasible, impractical, and prohibited by law. The Debtor's course of resilience and perseverance have heretofore accomplished the retention of the family home, but not upon good faith efforts to restructure or address their defaults, and, in this instance, absent earnest compliance with obligations under the Bankruptcy Code.

2

In a word, the Debtor's proposed Chapter 11 plan is patently unconfirmable under 11 U.S.C. §§ 1123 and 1129. Specifically: (1) the plan, premised upon the Debtor's super-human ability to work eighty hours per week for ten years, is unsustainable as a practical, logical, and financial matter and it will fail because the Debtor is human and life's demands will call for even more monies for cars, maintenance, healthcare, child upbringing, living expenses, vacations, and the like; (2) the plan's objective of saving a $352,000.00 home by paying $900,000.00 is improvident, foolish, and unreasonable; (3) the Note and Mortgage modifications (rejected by the Movant) called for in the proposed plan are expressly prohibited under 11 U.S.C. § 1123(b)(5); and (4) the plan otherwise cannot satisfy 11 U.S.C. §§ 1129(a)(1), (2), (3), (7), and (11).

On account of the Debtor's and his spouse's serial filings and pattern of delay, frustration, and abuse of the bankruptcy process, this Court, for cause shown, also orders the In Rem relief requested by the Movant. Accordingly, the Motion is granted under 11 U.S.C. §§ 362(d)(1) and (4), and the fourteen-day stay of this ruling is appropriately lifted or waived so that the Movant, in the interests of justice, may proceed with all deliberate speed to enforce its foreclosure remedies.

IT IS SO ORDERED at Hartford, Connecticut this 29th day of March 2019.

*James J. Tancredi*
*United States Bankruptcy Judge*
*District of Connecticut*